CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/24/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOBIAS SANTIAGO-APARICIO,<br><br>*Defendant.* | CASE NO. 6:25-CR-00019<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

Before the Court is the Government's motion to revoke United States Magistrate Judge Joel C. Hoppe's order of release. Dkt. 31. Defendant filed a response in opposition on October 22, 2025, and the motion is ripe for disposition. Dkt. 35. For the following reasons, the Court **GRANTS** the motion to revoke.

## BACKGROUND

On June 27, 2018, Santiago-Aparicio was convicted of illegal reentry in the United States District Court for the Western District of Texas. Dkt. 31 Ex. A. He was sentenced to time served and was removed to Mexico on June 29, 2018. Dkt. 31 Ex. A. at 2; Ex. B at 3. The offense date for this illegal reentry conviction was December 5, 2017. *Id.* Ex. A. According to Santiago-Aparicio's immigration file, he had been removed from the United States a month prior on November 1, 2017. *Id.* Ex. B at 3. At some point after his removal in June 2018, he returned to the United States without consent to reapply for admission. On September 4, 2025, he was indicted for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). Dkt. 2.

After his arrest on the instant charge, he appeared before United States Magistrate Judge

Joel C. Hoppe for a detention hearing. Dkt. 21. Judge Hoppe granted his request for release on conditions pursuant to a personal recognizance. Dkts. 24, 25. Judge Hoppe agreed to stay the order of release until 12:00 p.m. on October 24, 2025, so that probation could complete a home visit before his release. Probation subsequently performed the home visit, and Judge Hoppe approved the home plan on October 21, 2025. Dkt. 24.

## STANDARD OF REVIEW

In considering the Government's motion, the Court reviews the issue *de novo*. 18 U.S.C. § 3145(a)(1). When evaluating a magistrate judge's pretrial detention order, a district court must make an "independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed. Appx. 46, 48 (2001) (per curiam) (unpublished) (other citations omitted). However, a district court is not required to hold a second evidentiary hearing and may rely on the record from the detention hearing before the magistrate judge. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *United States v. Castro-Martinez*, 2025 WL 2689023, *6 (W.D. Va. Sep. 19, 2025). A motion to revoke an order of release must be "determined promptly." 18 U.S.C. § 3145.

Under the Bail Reform Act, when an individual is charged with a federal offense, a court should generally allow for pretrial release on personal recognizance, upon either the execution of an unsecured appearance bond or a combination of conditions. 18 U.S.C. § 3142(a)-(c). However, pretrial detention is permissible if a judicial officer concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). When conducting this analysis, a judicial officer considers the following:

(1) the nature and circumstances of the offense charged, including whether the

offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government bears the burden of proof and must show either: (i) that the defendant is a flight risk based on a preponderance of evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings, or (ii) that the defendant's release will endanger the safety of any other person or the community based on clear and convincing evidence. *Stewart*, 19 Fed. Appx. at 48 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) & *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)).

## ANALYSIS

After reviewing the existing record, including the Pretrial Services Report, dkt. 6, audio recording of the detention hearing held on October 20, 2025, dkt. 21, Government's motion, dkt. 31, and Santiago-Aparicio's reply, dkt. 35, the Court finds that a hearing is unnecessary, and that further argument would not aid the decision-making process. *See United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *United States v. Castro-Martinez*, 2025 WL 2689023, *6 (W.D. Va. Sep. 19, 2025) The Court now applies the factors enumerated above to Santiago-Aparicio's case.

First, the Court considers the nature and seriousness of Santiago-Aparicio's crime, which weigh in favor of detention. Specifically, his criminal history and immigration status demonstrate he has an incentive to flee. He is not a United States citizen. Likewise, he has previously been deported because of a prior illegal reentry felony conviction. Dkt. 2. Due to his prior felony conviction, if he is convicted of the instant charge, he faces up to ten years in prison. *Id.* Additionally, because of his immigration status, he faces a very high likelihood, if not certainty, of deportation. *See* Dkt. 2 (Indictment); 8 U.S.C. § 1326(a)&(b). As such, the potential consequences—a lengthy prison term and deportation—create an incentive to flee.

Second, the Court considers his history and characteristics, which also weigh in favor of his detention. He argues that his strong ties to the Western District of Virginia weigh in favor of his release. Dkt. 35 at 6-8. He asserts that living with his son and working in the community reduces his risk of flight. *Id.* Although the Court finds that his family ties would normally provide an incentive to remain, the nature of the current charge; his prior deportation; and the serious consequences of a lengthy sentence and deportation that he faces in the instant matter outweigh the strength of those ties. The Court finds Santiago-Aparicio's argument about his

4

employment uncompelling, as any such employment would itself be unlawful in light of his immigration status.

In further support of his argument, he argues that Rachel Smith, a family friend, will ensure he abides by the conditions of his release by offering accountability and serving as a third-party custodian. Dkt. 35 at 2. Once again, the Court finds that this argument lacks compelling incentive for him to remain on bond. Ms. Smith does not reside with him. If he were to flee, Ms. Smith would not likely become aware of his absence for some time. As a result, her supervision would not serve as a meaningful deterrent to his potential flight. Finally, the Court notes that it gives no weight to his asylum claim filed in June 2024, as it was filed a year or more after he unlawfully entered the United States for a third time .[1] As the Court is not persuaded by his arguments regarding his history and characteristics, and due to the weight of the consequences in his case, this statutory factor weighs in favor of detention.

After considering the statutory factors enumerated above, the Court finds that the Government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his appearance at trial. 18 U.S.C. § 3142(g). As such, he poses a serious risk of flight; therefore, he must be detained throughout his criminal proceedings.

## CONCLUSION

Because Santiago-Aparicio poses a serious risk of flight, the Court hereby **GRANTS** the Government's motion to revoke the order of release. Dkt. 31.

It is so **ORDERED**.

Entered this 24th day of October, 2025.

---

[1] According to Santiago-Aparicio's pretrial services report, he was arrested on July 2, 2023, in Buena Vista, Virigina, for driving under a revoked license. Dkt. 6. This demonstrates that Santiago-Aparicio reentered the United States some date prior to July 2023, nearly a year before he filed his asylum claim.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE